UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. POE ET AL.  CIVIL ACTION

VERSUS

UNITED ASSOCIATION OF  NO.: 18-0667-BAJ-EWD
JOURNEYMAN AND
APPRENTICES OF THE
PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED
STATES OF AMERICA AFL-CIO
LOCAL 198 HEALTH AND
WELFARE FUND ET AL.

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 18)** filed by Louis L. Robein, III, Maria C. Cangemi, and the law firm Robein, Urann, Spencer, Picard & Cangemi, APLC. Plaintiffs filed an opposition. (Doc. 27). For the reasons stated herein, the motion is **GRANTED**.

I.  BACKGROUND

Plaintiffs were members of the Plumbers and Steamfitters Local No. 106 ("Local 106"), a union located in Lake Charles, Louisiana. (Doc. 1 at p. 11). Local 106 maintained the Local 106 Health and Welfare Fund ("Local 106 Fund"), a trust fund established in Louisiana for the specific purpose of providing ancillary benefits to its numerous Local 106 members. (*Id.*) Under the terms of the 106 Fund, Local 106 members were provided Health Reimbursement Accounts ("HRAS"). (*Id.*) As part of Local 106 employees' compensation, contractors made monetary contributions to the Local 106 Fund on behalf of each employee during the time period Local 106 was their

collective bargaining representative. (*Id.*) All contributions into the Local 106 Fund were deposited into individual employee HRAs so that the employees could pay medical expenses in retirement. (*Id.*)

In January of 2014, Local 106 merged with the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States of America, Local No. 198 ("Local 198"), which also had a Health and Welfare Fund ("Local 198 Fund"). (Doc. 1 at p. 12). Initially, the health and welfare funds of both entities remained separate. (*Id.*) However, in November of 2014, both entities began to consider merging the Local 106 Fund and the Local 198 Fund. A study prepared by a consulting firm revealed that the Local 198 Fund had a deficit of $330,762, while the Local 106 Fund had net assets totaling $4,536,316. At a board meeting in December of 2014, the business manager for Local 198 assured the Trustees of Local 106 that the Local 106 members would be able to maintain their HRAs at then current levels when the plans merged. (*Id.*) In 2015, a majority of the trustees negotiating the merger voted that half of the Local 106 Fund would be paid out to Local 106 members through their HRAs, while the remaining funds would be transferred to the Local 198 Fund.

Plaintiffs contend that at the time of the merger, Local 198 had not established HRAs for its preexisting members. (Doc. 1 at p. 15). The new plan document ("the Plan") for Local 198, which governed preexisting Local 198 members and former Local 106 members, provided that Local 106 members' HRA account balances were to be carried over to the Local 198 Plan. However, Plaintiffs assert that the drafters of the Plan also included language indicating that the Trustees of Local 198 reserved the

2

"right to amend or terminate all or any part of the HRAs at any time for any reason." In July of 2017, the Local 198 Trustees voted to terminate the HRAs for all Local 198 members. This decision only affected former Local 106 members because preexisting Local 198 members did not have HRA accounts.

Plaintiffs filed this lawsuit against Defendants Maria Cangemi, Louis L. Robein, and the law firm of Robein, Urann, Spencer, Picard & Cangemi, APLC. Plaintiffs allege that throughout the mergers, although Cangemi purported to represent the interests of Local 106 and its members, she never disclosed her association with Robein, the representative of Local 198, and its interests. Both individuals are partners at the same law firm. Defendants seek to dismiss Plaintiffs' claims for (1) legal malpractice by fraud and (2) recession of contract claims.

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*,

3

550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Legal Malpractice by Fraud

Plaintiffs bring claims for "legal malpractice by fraud" and specifically cite La. R.S. 9:5605(E). (Doc. 1 at p. 24). La. R.S. 9:5605 generally codifies actions for legal malpractice. La. R.S. 9:5605(E) only provides that the statute's general peremptive period shall not apply to legal malpractice actions based on fraud. Defendants assert that Plaintiffs have failed to state a claim for legal malpractice based on fraud because a failure to disclose cannot form the basis of such a claim.

The Court agrees. Louisiana courts have made clear that allegations regarding an attorney's failure to disclose, even if such failure is intentional, are properly characterized as a negligence claim rather than a fraud claim. *Andre v. Golden*, 99-689 (La. App. 5 Cir. 12/21/99); 750 So.2d 1101, 1103. Here, Plaintiffs' legal malpractice claims based on fraud stem from Cangemi and Robein's failure to disclose that they were partners at the same law firm. Plaintiffs also allege that Cangemi failed to disclose to Local 106 Trustees that the termination language would be included in the Plan. Accordingly, Plaintiffs' claims against Defendants are based solely on the failure to disclose information. As the court in *Andre* held, such allegations cannot properly be treated as legal malpractice by fraud. Accordingly, the Court will treat Plaintiffs' claim as a legal malpractice claim absent fraud and addresses it below.

4

### B. Legal Malpractice Absent Fraud

The Court finds that Plaintiffs' legal malpractice claims are barred by the preemptive period provision in La. R.S. 9:5606(A), which provides that all legal malpractice actions must be filed within three years of the alleged act of malpractice. Specifically, the Court finds that Plaintiffs' malpractice claims are barred by the three-year preemptive period. Plaintiffs' claims stem from Cangemi and Robein's alleged failure to disclose that they had a conflict of interest and Cangemi's failure to disclose that termination language was included in the Plan. (Doc. 27 at p. 13). Plaintiffs do not identify precise dates on which Cangemi and Robein failed to disclose such information but do contend that the "failure occurred throughout the merger discussions." (Doc. 1 at p. 26). Presumably, the merger discussions ended when the merger agreement was signed on June 23, 2015 and went into effect on June 30, 2015.[1] Therefore, the latest that Defendants' alleged acts of malpractice could have occurred was June 30, 2015. (Doc. 1-11 at pp. 1, 9). Plaintiffs filed this action on July 2, 2018, at least two days past the three-year peremptive period. Accordingly, Plaintiffs' legal malpractice claims against Defendants must be dismissed.

### C. Rescission of Contract Due to Vice of Consent

Plaintiffs seek to nullify the merger agreement under La. Civ. Code. art. 2031, which provides that a contract is relatively null when a party did not give free consent at the time the contract was made. Consent may be vitiated by fraud. La. Civ. Code

---

[1] The Merger Agreement is integral to Plaintiffs' complaint; thus, the Court may consider it without converting Defendants' motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

art. 1948. Plaintiffs allege that they did not give free consent because of the fraud allegedly perpetrated by Defendants. (Doc. 1 at p. 26). As previously noted, Plaintiffs have failed to state a claim for fraud. Accordingly, Plaintiffs have failed to state a claim for rescission of contract.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 18)** is **GRANTED.**

Baton Rouge, Louisiana, this 30th day of September, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**