UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. POE, ET AL.                                    CIVIL ACTION

VERSUS

UNITED ASSOCIATION OF                                     NO. 18-00667-BAJ-SDJ
JOURNEYMAN AND
APPRENTICES OF THE
PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED
STATES OF AMERICA AFL-CIO
LOCAL 198 HEALTH AND
WELFARE FUND, ET AL.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS' FEES, COSTS,
AND CASE CONTRIBUTION AWARD

**WHEREAS,** on April 20, 2021, the Court entered its **Order Granting Preliminary Approval Of Class Action Settlement (Doc. 63)**[1] in the above-captioned action, which (i) preliminarily determined that the requirements of Federal Rule of Civil Procedure ("Rule") 23 are met by the proposed Settlement Class; (ii) appointed the Named Plaintiffs and Class Counsel as representatives of the Settlement Class; (iii) preliminarily approved the Class Action Settlement Agreement (Doc. 61-3, the "Settlement Agreement") entered by the parties as being fair, reasonable and adequate such that Notice should be given to members of the

---

[1] The Class Action Settlement Agreement (the "Settlement Agreement") is attached as Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement, Certification of Class for Settlement Purposes and Approval of Class Notices. (See Doc. 61-3). Unless otherwise defined, all capitalized and defined terms herein have the same meanings as set forth in the Settlement Agreement.

Settlement Class; and (iv) ordered that Notice of the Settlement Agreement should be given to members of the Settlement Class;

**WHEREAS,** on August 27, 2021, Plaintiffs filed an **Unopposed Motion For Final Approval Of Class Action Settlement (Doc. 65)**, seeking final approval of the Settlement Class and the Settlement Agreement, asserting that: (i) the Settlement Class meets all conditions for class certification under Rule 23(a) and (b)(3); (ii) the Settlement Agreement satisfies the requirements set forth in Rule 23(e)(2), including that it was negotiated at arm's length, is not collusive, and is fair, reasonable, adequate, and in the best interests of the Settlement Class members; (iii) Notice of the Settlement Agreement has been provided to all Settlement Class members consistent with the requirements of Rule 23(e)(1) and due process; (iv) no members of the Settlement Class have objected to the proposed Settlement Agreement; and (v) the Settlement Agreement meets all of the conditions precedent set forth in Section 3 of the Settlement Agreement and all requirements under Rule 23;

**WHEREAS,** on August 27, 2021, Plaintiffs also filed an **Unopposed Motion For Final Approval Of Attorney's Fees, Costs, And For Case Contribution Award (Doc. 66)**, seeking an award of (i) attorneys' fees in the amount of $96,667.67, or thirty-three and one-third percent (33 1/3%) of the $290,000.00 gross Settlement Fund; (ii) litigation-related expenses in the amount of $656.85; (iii) expert fees in the amount of $15,000 for work performed by Fiduciary Counselors, the Independent

Fiduciary for the Settlement; and (iv) a case contribution award in the amount of $38,000.00 for named Plaintiff Michael D. Poe;

**WHEREAS,** Plaintiffs submitted exhibits in support of their Motions, including the Declaration of Plaintiffs' Counsel James E. Sudduth, III (Doc. 67) and the Report of the Independent Fiduciary for the Settlement (Doc. 68);

**WHEREAS,** on September 29, 2021, the Court convened a Fairness Hearing to address the Unopposed Motion for Final Approval of Class Action Settlement (Doc. 65) and the Unopposed Motion For Final Approval Of Attorney's Fees, Costs, And For Case Contribution Award (Doc. 66), and to hear argument of counsel related to the same;

**WHEREAS**, despite having been provided Notice of the right to object and appear at the Fairness Hearing, no Settlement Class members attended the Fairness Hearing or offered objections to the proposed Settlement Class or the Settlement Agreement;

**WHEREAS**, the Court has carefully reviewed and considered the proposed Settlement Class and Settlement Agreement, the above-referenced Motions and exhibits, all pleadings and papers filed in this case, and the argument of counsel provided at the Fairness Hearing, and finds:

1. For settlement purposes only, the Court has jurisdiction over the subject matter of this action;
2. The Settlement Class meets all conditions for class certification under Rule 23(a) and (b)(3);

3. All conditions for final approval of the Settlement Agreement under Section 3 of the Settlement Agreement and Rule 23 are satisfied;

4. Reasonable Notice of the Settlement Agreement was provided to all Settlement Class members consistent with the requirements of Rule 23(e)(1), and the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been fulfilled;

5. The form and method of notifying the Settlement Class members of the terms and conditions of the Settlement Agreement satisfied Rule 23 and due process; constituted the best Notice practicable under the circumstances; and constituted due and sufficient Notice to all persons entitled thereto of the terms and conditions of the Settlement Agreement and the right to object and appear at the Fairness Hearing;

6. There are no objections to the proposed the Settlement Class or the Settlement Agreement;

7. The Settlement Agreement is fair, reasonable, and adequate considering the factors set forth at Rule 23(e)(2), and by the U.S. Court of Appeals for the Fifth Circuit under *Reed v. General Motors Corporation*, 703 F.2d 170 (5th Cir. 1983), and its progeny;

8. The Plan of Allocation is fair, reasonable and equitable;

9. Plaintiffs' request for an award of (i) attorneys' fees in the amount of $96,667.67, or thirty-three and one-third percent (33 1/3%) of the $290,000.00 gross Settlement Fund; (ii) litigation-related expenses in the amount of

4

$656.85; (iii) expert fees in the amount of $15,000 for work performed by Fiduciary Counselors, the Independent Fiduciary for the Settlement; and (iv) a case contribution award in the amount of $38,000.00 for named Plaintiff Michael D. Poe is reasonable under the guidance set forth by the U.S. Court of Appeals in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974), and its progeny.

Accordingly,

**IT IS ORDERED:**

1. For settlement purposes only, the Court confirms the certification of the following, non-opt-out Settlement Class under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

   > All persons who had a notional balance in his or her HRA by virtue of his or her membership in and work through the Local 106 Union when the HRAs were terminated effective September 30, 2017.

2. Plaintiffs' **Unopposed Motion For Final Approval Of Class Action Settlement (Doc. 65)** be and is hereby **GRANTED**, and the Settlement Agreement (Doc. 63-1) be and is hereby **APPROVED**.

3. As of the Effective Date, all Plaintiffs' Released Claims against Settling Defendants' Releasees shall be extinguished, discharged and released, subject only to compliance by the Plaintiffs and Local 198 Defendants with the terms of the Settlement Agreement and this Order.

4. As of the Effective Date, the Settling Parties shall be barred and enjoined from the institution and prosecution, either directly or indirectly, of any actions in

any court asserting any or all of Plaintiffs' Released Claims against Settling Defendants' Releasees.

5. As of the Effective Date, Plaintiffs, Settlement Class Members, and the Plan shall be permanently enjoined from asserting, commencing, prosecuting or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in any court asserting such Plaintiffs' Released Claims, or from receiving any additional recovery or relief from any of Settling Defendants' Releasees with respect thereto.

6. The terms of the Settlement Agreement and of this Order granting final approval of the Settlement Agreement shall be forever binding on the Class Representatives, Settlement Class Members, and all of their successors and assigns, and the Settlement shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the released claims.

7. Plaintiffs' action is hereby **DISMISSED WITH PREJUDICE** as to the Local 198 Defendants, which operates to extinguish, discharge, and release any and all Released Claims against Releasees, without an award of costs except as provided for in the Settlement Agreement and this Order.

**IT IS FURTHER ORDERED:**

8. Plaintiffs' **Unopposed Motion For Final Approval Of Attorney's Fees, Costs, And For Case Contribution Award (Doc. 66)** be and is hereby

**GRANTED**. Consistent with the terms set forth in the Settlement Agreement, the following amounts shall be paid from the gross Settlement Fund:

a) Class Counsel is awarded attorneys' fees in the amount of $96,667.67, or thirty-three and one-third percent (33 1/3%) of the $290,000.00 gross Settlement Fund;

b) Class Counsel is awarded litigation-related expenses in the amount of $656.85;

c) Class Counsel is awarded expert fees in the amount of $15,000 for work performed by Fiduciary Counselors, the Independent Fiduciary for the Settlement;

d) Named Plaintiff Michael D. Poe is awarded a case contribution award in the amount of $38,000.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 30th day of September, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**